Filed 4/14/26  Smith v. Shulman Bastian Friedman & Bui CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| STUART A. SMITH et al., <br><br> Cross-complainants and Appellants, <br><br> v. <br><br> SHULMAN BASTIAN FRIEDMAN & BUI, LLP et al., <br><br> Cross-defendants and Respondents. | G063716 <br><br> (Super. Ct. No. 30-2018-01022291) <br><br> O P I N I O N |

Appeal from order of the Superior Court of Orange County, David J. Hesseltine, Judge. Affirmed.

Stuart A. Smith, in pro. per., for Plaintiff and Appellant.

Renee M. Smith, in pro. per., for Plaintiff and Appellant.

Nemecek & Cole, Tommy Quinn Gallardo, Nina Maria Niedbalski and Mark Schaeffer for Defendants and Respondents.

Stuart A. Smith and Renee M. Smith appeal from an order dismissing their cross-complaints against their former bankruptcy attorneys. We hold the trial court correctly sustained demurrers without leave to amend because the Smiths failed to get permission from the bankruptcy court to sue their court-approved counsel. We affirm.

FACTS

Shulman Bastian Friedman & Bui (the firm) sued Stuart[1] for fraudulent transfer and conversion. The firm alleged it represented Stuart in bankruptcy court, which awarded it just over $440,000 in attorney fees and costs in March 2016. It further alleged $439,000 was transferred out of Stuart's limited liability company for no consideration in September 2016.

Stuart filed a cross-complaint against the firm. His operative fourth amended cross-complaint alleged that the firm "negligently and carelessly . . . litigate[d] a bankruptcy case which would not succeed," "fail[ed] to provide critical information" to the bankruptcy court, and failed to comply with various rules of professional conduct. It alleged the firm represented the Smiths despite a "conflict of interest," "obtain[ed] an adverse pecuniary interest in the [Smiths'] real property without complying with applicable rules," misrepresented aspects of their compensation, "put[] their financial interests ahead of" the Smiths' best interests, "threatened . . . [to] withdraw as counsel" and pursue collection efforts, and "exercis[ed] undue influence, threats, coercion, duress and menace . . . ." Renee filed her own cross-

---

[1]We use "the firm" to refer inclusive to predecessor firms and individual attorneys who were parties. We respectfully use the Smith's first names for clarity.

2

complaint asserting identical allegations.[2] Neither alleged they had obtained the bankruptcy court's permission to sue the firm.

The trial court sustained the firm's successive demurrers to the Smiths' cross-complaints, finally without leave to amend. It concluded the cross-complaints were barred by *Barton v. Barbour* (1881) 104 U.S. 126 (*Barton*), which requires parties to obtain permission from the bankruptcy court before suing officers of the bankruptcy court. It noted the firm and its attorneys were "'officers' who were appointed by the bankruptcy court to represent the Smiths at the request of the Smiths." The court found that all of the Smiths' "allegations . . . are directly related to [the firm's] representations of the Smiths in the Bankruptcy Court, or to [the firm's] attempt[s] to obtain payment for the services rendered . . . ." The court further found "[t]he Smiths did not adequately allege facts supporting" an exception to the doctrine for acts "exceeding the bounds of [the firm's] authority." And it noted the "Smiths were previously granted leave to plead around the bar of the *Barton* Doctrine and failed to adequately do so."

## DISCUSSION

We agree with the trial court that the *Barton* doctrine bars the cross-complaints. (See *Akhlaghpour v. Orantes* (2022) 86 Cal.App.5th 232, 248 (*Akhlaghpour*) [doctrine deprives state court of subject matter jurisdiction].) Bankruptcy court leave is required "before filing a lawsuit against officers appointed or approved by the court" (*id.* at p. 239) if: "(1) the plaintiff is attempting to 'initiate[ ] an action in another forum'; (2) the action

---

[2] Their causes of action are styled as: (1) "Professional Negligence"; (2) "Breach of Fiduciary Duty"; "Fraud, Deceit and Concealment"**;** (4) "Economic Duress"; and (5) "Intentional Infliction of Emotional Distress." (Cleaned up.)

is 'against a bankruptcy trustee or other officer appointed by the bankruptcy court'; and (3) the action is 'for acts done in the officer's official capacity'" (*id.* at p. 244).

All of these elements are shown here. The Smiths' cross-complaints are actions initiated in state court against bankruptcy court officers approved by the bankruptcy court for acts done in their official capacity. (See *Akhlaghpour, supra,* 86 Cal.App.5th at p. 245 [doctrine applies to "bankruptcy counsel"].) For example, the Smiths allege the firm "carelessly" litigated their bankruptcy—withholding information from the bankruptcy court and violating professional rules—despite a "conflict of interest," an improper "adverse pecuniary interest" in the Smiths' property, and while making unethical efforts to collect on their fees.

We further agree the Smiths fail to show the ultra vires exception to the doctrine applies. (See *Barton, supra*, 104 U.S. at p. 134.) They contend the exception "applies because [the firm] engaged in multiple post-confirmation wrongful acts and conduct outside the scope of authority granted to [the firm] after [it] was no longer representing the Smiths, there was no longer a debtor[]-in-possession, the bankruptcy estate no longer existed, and the property of the bankruptcy estate had re-vested in the Smiths." (Capitalization omitted.)

An ultra vires act is one committed outside the "official capacity" and scope of authority of an officer appointed or approved by the bankruptcy court. (*In re McKenzie* (6th Cir. 2013) 716 F.3d 404, 414.) "'The situation in which trustees have been most commonly found to have acted outside of their authority is in seizing property which is found not to be property of the estate.'" (*Id.,* at p. 415; see *Leonard v. Vrooman* (9th Cir. 1967) 383 F.2d 556, 560 [trustee "br[oke] into and seize[d] possession of . . . real property"].) On

the other hand, "[j]ust as a trustee's conduct does not become ultra vires because it is negligent, so it does not become ultra vires because it violates an obligation imposed by state law." (*In re Markos Gurnee Partnership* (Bankr.N.D.Ill. 1995) 182 B.R. 211, 224.)

Here, the Smiths' cross-complaints do not adequately allege ultra vires conduct. They allege negligence and violations of state rules like "negligently and carelessly . . . litigat[ing] a bankruptcy case which would not succeed," and "obtaining an adverse pecuniary interest in the [Smiths'] real property without complying with applicable rules." The Smiths' sole citation to the record shows allegations of the firm engaging in misconduct "[p]rior to [a] fee hearing" in seeking "a bankruptcy order."[3] The allegations are not about seizing property and the Smiths cite no case persuasively extending the ultra vires exception to their allegations.[4]

---

[3] "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

[4] At oral argument, Stuart discussed the "'conceivable effects' test" (*Tufts v. Hay* (11th Cir. 2020) 977 F.3d 1204, 1209), asserting the *Barton* doctrine should not be applied because the bankruptcy case is "over with, just like" in *Tufts*. Because the Smiths did not brief this, "to raise it at oral argument was improper." (*People v. Thompson* (2010) 49 Cal.4th 79, 110, fn. 13.) In any event, while the *Tufts* parties conceded a dispute between counsel could have "'no conceivable effect . . . on the estate,'" *Tufts* "expressly note[d]" it "create[d] no categorical rule that the *Barton* doctrine can never apply once a bankruptcy case ends." (*Tufts*, at pp. 1209, 1210).

## DISPOSITION

The order dismissing the cross-complaints is affirmed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SANCHEZ, J.